

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 5:05-CR-083-C |
| | § | |
| JUAN ANTHONY REYES, JR. | § | |

# PLEA AGREEMENT

Juan Anthony Reyes, Jr., Jeff Nicholson, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Reyes understands that he has the rights

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Reyes waives these rights and pleads guilty to the offense alleged in Count 4 of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) and 18 USC § 2, that is, Possession With Intent to Distribute Methamphetamine and Aiding and Abetting. Reyes understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3. **Sentence**: The minimum and maximum penalties the Court can impose include:

    a. imprisonment for a period not less than 5 years nor more than 40 years;

    b. a fine not to exceed $2,000,000;

    c. a term of supervised release of not less than 4 years, which is mandatory under the law and will follow any term of imprisonment. If Reyes violates the conditions of supervised release, he could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law;

    d. notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph and no person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein;

    e. a mandatory special assessment of $100.00; and,

    f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines**: Reyes understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Reyes has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Both parties understand and agree that Reyes is foreseeably responsible under the "relevant conduct" provisions of the advisory Sentencing Guidelines for at least 150 grams but less than 500 grams of actual (pure) d-Methamphetamine. This amount is based upon the 83.6 grams of 94% pure d-

Methamphetamine distributed and possessed with intent to distribute by Solis and Reyes on or about July 7, 2005 and the 221.6 grams of 34% pure d-Methamphetamine distributed and possessed with intent to distribute by Solis and Reyes on or about September 12, 2005. Both parties agree that all other drug and/or money amounts came to the government's attention by way of Reyes's proffer and therefore may not be used against him. Provided that Reyes meets all the requirements set forth in § 3E1.1 and does nothing (and has done nothing since his arrest) to obstruct justice, the government will not oppose a 3 level decrease for acceptance of responsibility. Reyes understands and agrees that these agreements and stipulations are not binding upon the Court or the probation office and he will not be allowed to withdraw his plea of guilty should these agreements and stipulations not be followed by the Court or the probation office. Reyes will not be allowed to withdraw his plea if his sentence is higher than expected. Reyes fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Prior to sentencing, Reyes agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**: Reyes shall cooperate with the government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction and knowledge of criminal activities. The defendant understands that if he falsely implicates an innocent person in the commission of a crime or exaggerates the involvement of any person in the commission of a crime in order to

Plea Agreement - Page 3

appear cooperative, or if the defendant falsely minimizes the involvement of any person in the commission of a crime in order to protect that person, then the defendant will be in violation of this plea agreement, and the government will have the right to rescind the plea agreement and reinstitute criminal proceedings against the defendant. Upon demand, Reyes shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7. **Government's agreement**: The government will not bring any additional charges against Reyes based upon the conduct underlying and related to Reyes's plea of guilty. The government will dismiss, after sentencing, the remaining counts in the indictment pertaining to Reyes. Reyes understands and agrees that even though the government is dismissing the remaining counts based upon his plea and sentencing on Count 4, he will still be held responsible under the "relevant conduct" provisions of the guidelines for **all** Methamphetamine he is foreseeably responsible for, even those drugs alleged in any counts to be dismissed. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Reyes or any property.

8. **Violation of agreement**: Reyes understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Reyes for all offenses of which it has knowledge. In such event, Reyes waives any objections based

**Plea Agreement - Page 4**

upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Reyes also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: Reyes waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Reyes, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel**: Reyes has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Reyes has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Reyes has

concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 13th day of January, 2006.

RICHARD B. ROPER
UNITED STATES ATTORNEY

_____
Juan Anthony Reyes, Jr.
Defendant

_____
TANYA K. PIERCE
Assistant United States Attorney
Texas State Bar No. 15103300
1205 Texas Avenue, 7th Floor
Lubbock, Texas  79401
Telephone:   806.472.7351
Facsimile:    806.472.7259

_____
Jeff Nicholson
Attorney for Defendant

_____
ROGER L. McROBERTS
Deputy Criminal Chief

Plea Agreement - Page 6

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____   _1-18-06_____
Juan Anthony Reyes, Jr.                            Date


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____   _1-17-06_____
Jeff Nicholson                                     Date
Attorney for Defendant

Plea Agreement - Page 7