

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 19 2006
CLERK, U.S. DISTRICT COURT

# FACTUAL RESUME

UNITED STATES OF AMERICA v. JUAN ANTHONY REYES, JR.
5:05-CR-083-C - LUBBOCK DIVISION - NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| INDICTMENT: | TO BE ARRAIGNED ON COUNT FOUR OF THIS INDICTMENT - Charging violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(viii) - Possession With Intent to Distribute More Than 50 Grams of Methamphetamine and Aiding and Abetting. |
| MAXIMUM PENALTY: | A term of imprisonment for a period not less than 5 years nor more than 40 years, a fine not to exceed $2,000,000, or both. A mandatory term of supervised release of not less than 4 years, which must follow any term of imprisonment. If Reyes violates the conditions of supervised release, he could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph and no person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein |
| MANDATORY ASSESSMENT: | $100.00 |
| PLEA AGREEMENT: | As set forth in the Plea Agreement attached hereto and incorporated herein. |
| ELEMENTS OF THE OFFENSE: | The elements of the offense of Possession With Intent to Distribute More Than 50 Grams of Methamphetamine are as follows:<br><br>1. That Juan Anthony Reyes, Jr. knowingly and intentionally possessed a controlled substance;<br><br>2. That the substance was, in fact, Methamphetamine; |

3. That Reyes possessed the Methamphetamine with the intent to distribute it (To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction);

4. That the quantity of the Methamphetamine was more than 50 grams of a mixture and substance containing a detectable amount of Methamphetamine (Reyes understands and agrees that he will be held responsible for **all** Methamphetamine that he is accountable and foreseeably responsible for under the "Relevant Conduct" provisions of the advisory Sentencing Guidelines and that is a total of at least 150 grams but less than 500 grams of actual (pure) d-Methamphetamine); and,

5. That Juan Anthony Reyes, Jr. is, in fact, one of the persons who committed this offense.

FACTS: The defendant admits and agrees that the following facts are true and correct:

During the time periods set forth in this indictment, the defendant, Juan Anthony Reyes, Jr. and Marcelino Andres Solis and other conspirators both known and unknown, worked together to acquire various quantities of Methamphetamine. They obtained this Methamphetamine with the intent to distribute it to others.

During the time periods set forth in this indictment, Sgt. Tony Menchaca was working in an undercover capacity. On or about July 7, 2005, Sgt. Menchaca met with Solis in Plainview, Texas and purchased 83 grams of Methamphetamine from him. Reyes brought Solis and the Methamphetamine to the meeting with Sgt. Menchaca. Although Reyes was not with Solis at the time he handed the Methamphetamine to Sgt. Menchaca, he knew that Solis was possessing and distributing this Methamphetamine and knew that was

the purpose of their (Solis and Reyes') trip to Plainview.

On or about September 12, 2005, Sgt. Menchaca made plans to again purchase a quantity of Methamphetamine from Solis. Reyes drove Solis to Lubbock. He stopped by Solis' Lubbock residence so that Solis could pick up the Methamphetamine he was to sell to Sgt. Menchaca. Reyes knew that the purpose of this trip was to distribute Methamphetamine to Sgt. Menchaca.

Reyes and Solis drove with the Methamphetamine to the K-Mart parking lot located near 66th Street and University Avenue in Lubbock. Reyes was driving the same silver Honda that he had driven in the above-referenced July 7, 2005 Methamphetamine transaction. Sgt. Menchaca pulled up along side Reyes' Honda (driver's door to driver's door). Solis got out of the Honda and proceeded to the passenger side of Sgt. Menchaca's vehicle and got in. Solis handed Sgt. Menchaca a container containing three (3) separate clear plastic bags of Methamphetamine. The bust signal was given and officers arrested Solis and Reyes at the scene.

The suspected Methamphetamine purchased on July 7, 2005 and seized on September 12, 2005 was sent to the DEA laboratory for analysis. The July 7, 2005 drugs were determined to be 83. 6 grams of 94% pure d-Methamphetamine. The September 12, 2005 drugs were determined to be 221.6 grams of 34% pure d-Methamphetamine.

After his arrest on September 12, 2005 and after advice and waiver of his *Miranda* rights, Reyes agreed to talk with law enforcement agents. Reyes admitted to the agents that he knew Solis was a trafficker of "ice" (Methamphetamine) and had agreed to drive Solis to Lubbock to distribute Methamphetamine. Reyes was to be paid $200.00 by Solis Reyes also admitted that he had taken Solis to the area of the Chili's restaurant

in Plainview around July 7, 2005 and dropped him off to meet with one of his (Solis') drug customers.

Reyes admits, understands and agrees that he and Solis obtained, possessed with intent to distribute and distributed at least 150 grams but less than 500 grams of actual (pure) d-Methamphetamine during the relevant time periods set forth in this indictment. He agrees that this amount will be used to calculate his "relevant conduct" under the advisory guidelines.

Juan Anthony Reyes, Jr. admits, confesses and acknowledges that on or about September 12, 2005 in the Lubbock Division of the Northern District of Texas and elsewhere, he, Marcelino Andres Solis and others both known and unknown, did knowingly and intentionally possess with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance. Reyes further admits, understands and agrees that he will be held responsible for a total of at least 150 grams but less than 500 grams of actual (pure) d-Methamphetamine. All other drug amounts came to the government's attention by way of Reyes's proffer and therefore cannot be used against him. Reyes further admits and acknowledges that not every fact known to the government and known to him is set forth in this Factual Resume but only those facts necessary to form an adequate factual basis for his plea of guilty to Count 4 of this Indictment.

The above facts are true and correct:

_____     1-18-06
Juan Anthony Reyes, Jr.              Date

Witnessed by: _____     1-17-06
Jeff Nicholson                       Date
Attorney for the defendant

Plea Agreement - Page 11