CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JUL 31  AM 10: 37

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### LUBBOCK DIVISION

DEPUTY CLERK _____

<u>MOTION UNDER 28 U..S.C §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY</u>

| Name of Movant<br>JUAN ANTHONY REYES, JR. | Inmate Number:<br>31910-177 | Criminal Docket No.<br>5-05-CR-083-C-01 |
|---|---|---|

**Place of Confinement: (Name, Street or P.O. Box, City, State And Zip Code)**
FCI WILLIAMSBURG P.O.Box 340 Salters, S.C. 29590

|  | Include Name upon which Convicted |
|---|---|
| **United States of America**<br>Respondent | vs.  JUAN ANTHONY REYES, JR.,<br>Petitioner<br>(full name of Movant) |

## MOTION
### 28 U.S.C. Section § 2255(f)(3) Motion

1.  Name and location of court which entered the judgment of conviction under attack:

    U.S. DISTRICT COURT, LUBBOCK DIVISON  1205 Texas Ave#C209

    Lubbock, Texas  79401

2.  Date of judgment of conviction:

    April 7, 2006

3.  Length of sentence:

    Two Hundred and Thirty Five (235) months

4.  Nature of offense involved (include all counts):
    CONSPIRACY TO DISTRIBUTE & POSSESS WITH INTENT TO DISTRIBUTE METHAMPHETAMINE (21 U.S.C. §§§ 846m 841(a)(1) & 841(b)(1)(A)(viii); Count Three, Distribution of Methamphetamine (21 U.S.C. Section 841 (a)  and 841(b)(1)(B) (viii); Count Four-Distribution of Methamphetamine (21 U.S.C. Section 841(a)(1) and 841(b)(1)(B)

5.  Was your plea (check one):

    a)  Not Guilty  (  )
    b)  Guilty     (X)
    c)  Nolo contendere (  )

RECEIVED

JUL 3 1 2013

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

If you entered a guilty plea to one count or indictment and a not guilty plea to another count or indictment, give details:       Not Applicable

_____

_____

_____

_____

6.    Kind of trial (check one):

    a)    Jury

    b)    Judge only

7.    Did you testify at the trial?

    Yes ☐        No ☒

8.    Did you appeal from the judgment of conviction?

    Yes ☒        No ☐

9.    If you did appeal, answer the following:

    (a) Name of court: FIFTH CIRCUIT COURT OF APPEALS _____

    (b) Result: #06-10473        AFFIRMED (Counsel Abandoned the Appeal)

    (c) Date of Result: July 27, 2007m case was dismissed for lack of prosecu-tion

10.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?

    Yes ☐        No ☒

11.   If your answer to 10 was "yes", give the following information:

    1.    (1) Name of court: _____ Not Applicable _____

        (2) Nature of proceeding: Not Applicable _____

        _____

        _____

        _____

        (3) Grounds Raised: Not Applicable _____

        _____

        _____

        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?

            Yes ☐      No ☒

        (5) Result: _____ Not Applicable _____

        (6) Date of Result: _____ Not Applicable

(b)   As to any second petition, application or motion give the same information:

(1)  Name of court: _____ NOT APPLICABLE _____

(2)  Nature of proceeding:

_____ NOT APPLICABLE _____

_____

_____

(3)  Grounds Raised: _____ NOT APPLICABLE _____

_____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?

        Yes ☐        No ☒

(5)  Result: _____ NOT APPLICABLE _____

(6)  Date of Result: _____ NOT APPLICABLE _____

3.   As to any third petition, application or motion give the same information:

(1)  Name of court: _____ Not Applicable _____

(2)  Nature of proceeding: _ Not Applicable _____

_____

_____

_____

(3)  Grounds Raised: _____ Not Applicable _____

_____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?

        Yes ☐        No ☒

(5)  Result: _____ Not Applicable _____

(6)  Date of Result: _____ Not Applicable _____

12.    State concisely every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting same.

**CAUTION**: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you have other than those listed.  However, you should raise in this motion all available grounds (relating to this conviction) on which you based you allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts.  The motion will be returned to you if you merely check (a) through (j) or any one of these grounds:

1.    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
2.    Conviction obtained by the use of coerced confession.
3.    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
4.    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
5.    Conviction obtained by a violation of the privilege against self-incrimination.
6.    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
7.    Conviction obtained by a violation of the protection against double jeopardy.
8.    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
9.    Denial of effective assistance of counsel.
10.   Denial of right of appeal.

1.    Ground one:

PLEASE SEE TABLE OF CLAIMS

ATTACHMENT PAGES ONE AND TWO

Supporting FACTS (tell your story *briefly* without citing cases or law: _____
SEE MEMORANDUM OF LAW ATTACHED HERETO

B.    Ground two: PLEASE SEE TABLE OF CLAIMS

Supporting FACTS (tell your story *briefly* without citing cases or law: _____
SEE MEMORANDUM OF LAW ATTACHED HERETO

C.    Ground three: PLEASE SEE TABLE OF CLAIMS

Supporting FACTS (tell your story *briefly* without citing cases or law: _____
SEE MEMORANDUM OF LAW ATTACHED HERETO

D.    Ground four: PLEASE SEE TABLE OF CLAIMS

Supporting FACTS (tell your story *briefly* without citing cases or law: _____
SEE MEMORANDUM OF LAW ATTACHED HERETO

SEE ALSO GROUNDS FIVE THROUGH EIGHT

ATTACHED HERETO

IN MEMORANDUM OF LAW

(13)    If any of the grounds listed in 12 A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: Counsel was obviously ineffective for failing to raise these issues at trial and at sentencing. Furthermore Appellate counsel should have raised these issues on direct appeal, but failed to do so, despite Petitioner request.

(14)    Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐       No ☒

(15)    Give the name and address, if known, of each attorney who represented you in the following states of the judgment attacked herein:

(1)    At preliminary hearing: Jeff Nicholson, 1110 10th St, Lubbock TX 79401

(2)    At arraignment and plea: Same as above

(3)    At trial: Same as above

(4)    At sentencing: Same as above

(5)    On appeal: David Martinez, 1663 Boradway, Lubbock TX 79401

(6)    In any post-conviction proceeding: N/A

(7)    On appeal from any adverse ruling in a post-conviction proceeding: _____
N/A

(16)    Were you sentenced on more than one count of an indictment, or on more than one indictment, in the

same court and at approximately the same time?

Yes ☒      No ☐

(17)   Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐      No ☒

(1)   If yes, give name and location of court which imposed sentence to be served in the future:

N/A

(2)   Give date and length of the above sentence:

N/A

(3)   Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐      No ☒          N/A

Wherefore, Movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____

Signature of Attorney (in any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_7-29-13_____

Date

_____

Signature of Movant

## I. BACKGROUND

On September 14, 2005, Reyes was charged in three counts of a four count indictment. Count one charged Reyes with conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 United States Code, Section [USC] 846. Counts three and four charged Reyes with distribution of methamphetamine, and aiding and abetting, each in violation of 21 U.S.C. Section [§§§] 841(a)(1) and (b)(1)(B) and 18 U.S.C. Section § 2. On January 19, 2006, Reyes pled guilty to count four. On April 7, 2006, Reyes was sentenced to 235 months imprisonment and a five year term of supervised release. Counts one and three of the indictment were dismissed. On July 27, 2006, his direct appeal was dismissed for failure to pay his docketing fee. Reyes Section § 2255 Motion was timely filed on August 27, 2007. The District Court denied the Petitioner first Section § 2255 Motion.

The Petitioner now comes before this Honorable Court with a Title 28 United States Code, Section 2255(f)(3)Motion for relief.

### JURISDICTION

This Court has subject matter jurisdiction pursuant to Title 28 United States Code, Section § 2255(f)(3) based upon new intervening changes in the law applicable to Reyes and

to correct a manifest injustice, upon which this Court can easily and readily cure.

I.          THE PETITIONER IS ENTITLED TO RELIEF UNDER TITLE
            28  U.S.C.  SECTION § 2255(f)(3) and (f)(4)


        Petitioner Reyes avers that though he has already filed a timely Section § 2255 Motion to Vacate, Set Aside and or Correct Sentence under the general time frame of Title 28 U.S.C. Section 2255(f)(1) one year limitations period.  Reyes asserts that this motion should be granted to correct a manifest injustice and is timely under the alternative limitations period set forth under Section 2255(f)(3), because it this Motion is filed within the one year limitations period of Descamps v United States, No.: 11-9540 and Alleyne v. United States, No.; 11-9335 Furthermore, under Maples v. Thomas, 565 U.S.____,____, n.7 132 S.ct 912, 922-27, 181 L.Ed 2d 807 n. 7 (2012) and Rivas v. Fischer, 687 F.3d 514, 538 (2nd Cir 2012).

        In the above Supreme Court decision in Alleyne, held that because the mandatory minimum sentence increase the penalty for a crime, any "fact that increases the mandatory minimum sentence is an element that must be submitted to the jury and proved beyond a reasonable doubt, accordingly, Alleyne overruled Harris v. United States, 536 U.S. 545 (2002). Id.

Petitioner further asserts that because his mandatory minimum sentence was increased based upon facts that were not credible findings, i.e., career offender provisions, and this Court did not properly inquire into his prior conviction under the Shepard v. United States, 544 U.S. 13 and Taylor v. United States, 495 U.S. 575, Petitioner states that he is actually and factually innocent of the Career Offender under the ruling set forth in Descamps supra. Furthermore, Petitioner was abandoned at the appellate level by his Appeal attorney for failing to prosecute the appeal. Petitioner Reyes was denied the effective assistance of counsel on direct appeal, thereby, in violating the dictates set forth under Douglas v. California, 372 U.S. 353, 9 L.Ed 2d 811, 83 S.Ct 814; Ellis v. United States. 356 U.S. 674, 2 L.ed 2d 1060, 78 S.Ct 974 (1984) and Evitts v. Lucey, 469 U.S. 387 (1958)(quoting; Griffin v. Illinois, 351 U.S. 12 (1956); see also Title 18 U.S.C. Section § 3006. Petitioner was arbitrarily denied a direct appeal of his conviction and sentence. Johnson v. United States, 352 U.S. 565, 1 L.Ed 2d 593, 77 S.Ct 550; Coppedge v. United States,. 396 U.S. 438, 449, 8 L.Ed 2d 21, 30, 82 S.Ct 917 (emphasis added). Petitioner rights under the Fourteenth Amendment to the United States Constitution was violated in these respect. Griffin supra .

The Supreme Court came out with another decision which permits the Petitioner relief in these  respects as well.

Maples v. Thomas, 565 U.S., ____ 5. n.7 132 S.Ct 912, 922,
181 L.Ed 2d 807 n. 7 (2013) holding that abandonment of the
Petitioner's case was cause to overcome procedural defaults
and observing the distinction between attorney negligence
and attorney abandonment, should apply equally in equitable
tolling context.

To rise to the level necessary to constitute extraordinary
circumstances, the attorney's negligence must be so egregious
as to amount to an effective abandonment of the attorney client
relationship. Rivas v. Fischer, 687 F.3d 514, 538 *2nd Cir
2012). (applying equitable exception to AEDPA's limitations
period under title 28 U.S.C. Section § 2244(d)(1)).

However, not only did Appellate counsel breach and abdandoned
the attorney client relationship when it came to Petitioner
Reyes direct appeal, but also, the 2255 Post Conviction Attorney
was completely ineffective when collaterally attacking the
conviction, judgment and sentence.

In the Supreme Courts decision in Martinez v. Ryan, ____U.S.____,
132 S.Ct 1309, 182 L.Ed 2d 272 provides relief for Post conviction
Counsel that was ineffective. Though it was never applied
to a federal habeas proceeding, and this would be first impression,
it necessarily turns  on equal protection principles that
Reyes had the right to effective post conviction counsel during
his firt collateral attack and proceeding.

Since the Supreme Court has determined that a criminal
defendant has  the right to a direct appeal, and Reyes was

denied this right, <u>Maples v Thomas</u>, holds that an abandonment by counsel on state post conviction proceedings constituted cause and prejudice for claims procedurally defaulted on federal habeas review, certainly, on a criminal defendants first direct appeal as of right, <u>Maples</u> reasoning would apply.

Reyes post conviction counsel was so deficient in presenting any claims, and Reyes inability to present an ineffective-assistance of counsel claim is of particular concern because the right to effective representation is a bedrock principle in this Nation's justice system. <u>Martinez v. Ryan</u>, <u>supra</u>.

Because <u>Martinez</u> noted that <u>Coleman v. Thompson</u>, 501 U.S. 722, 753, 754 (1991), that initial review collateral proceeding a prisoners "one and only appeal" as to an ineffective assistance claim, <u>id</u>., at 756 (emphasis deleted; internal quotation marks omitted), and this may justify an exception to the constitutional rule that there is no right to counsel in collateral attack. The Court in <u>Coleman</u> recognized that if an attorney appointed by the State to pursue a direct appeal is ineffective, the prisoner has been denied fair process and the opportunity to comply with the States procedures and obtain an adjudication on the merits of his claims. See 501 U.S. at 754; <u>Evitts v. Lucey</u>, 469 U.S. 387, 396 (1985); <u>Douglas</u> <u>supra</u>, without the help of an adequate attorney, a prisoner will have similar difficulties vindicating a substantial ineffective assistance of trial counsel claims.

Because Petitioner Reyes asserts that the Section § 2255(f)(3) provides that the one year limitations period begins to run from the date which the right was asserted was initialy recognized by the United States Supreme Court. . ." Id 28 United States Code, Section 2255(f)(3).  Reyes is entitled to relief under Alleyne supra, Descamps supra and Martinez v. Ryan, supra.

Petitioner Reyes argues that his Section 2255(f)(2) motion is an appropriate vehicle  because it  is filed within the one year limitation period under Alleyne, Descamps holding. See Dodd v. United States, 545 U.S. 353, 357-58, 125 S.Ct 2478, 162 L.ed 2d 343 (2005)(Holding that the one year limitation period begins to run "from the date on which the right  . . . was initially recognized by the Supreme Court." Petitioner Reyes also contends that Alleyne and Descamps applies to his case retroactively.

In United States v. Snaders, 247 f.3d 139 (4th Cir 2001), the Fourth Circuit assumed, without deciding, that a Circuit Court can declare a new rule retroactive on collateral review in an initial Section § 2255 Petition. Id. at 146 n. 4; see also; United States v. Thomas,  627 F.3d 534 (4th Cir 2010).

In doing so, the Thomas Court noted that the statutory language governing retroactivity for purposes of Section 2255(f)(3) and  the statutory language governing retroactivity for purposes of filing a Second or Successive Section § 2255 motion under Subsection (h). Id.  Unlike the former, which references a

"right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Section 2255 (f)(2)(emphasis added). The later, specifically provides that "a second or successive motion must be certified as provided in Section § 2244 by a panel of the appropriate court of Appeals to  contain. . . a new rule of Constitutional law,  made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. 28 U.S.C. Section 2255(h)(2).

In regards to Reyes case, the underlying conviction for his violations has exceeded the statutory mandatory minimum and maximum applicable to him under the United States Sentencing Guidelines.  Reyes was erroneously and illegally  sentenced as a career offender when he in fact and law is not one.  Reyes should not have to serve a portion of his sentence as a career offender when it does not apply to his cause.

This Court should join those Circuits that have considered the issues and hold that the Section § 2255(f)(3) does not require that the intial retroactivity question be decided in the affirmative by the United States Supreme Court. See Weigard v. United States, 380 F.3d 890, 892 (6th Cir  2004); holding that  any Federal Court can make a retroactivity decision for purposes of Section § 2255(f)(3) ;Dodd v. United States, 356 F.3d 1273, 1278 (11th Cir 2004)(noting that "every Circuit to consider this issue has held that a Court other than the

7

Supreme Court can make a retroactivity decision for purposes
of Section § 2255(f)(3)); aff'd, 545 U.S. 353, 125 S.Ct 2478,
162 L.Ed 2d 343 (2005); <u>United States v. Swinton</u>, 33 F.3d
481, 486, 487 (3d Cir 2003); see also} <u>Fischer v. United States</u>,
285 F.3d 596, 599-600 (7th Cir 2002); <u>United States v. Lopez</u>,
248 F.3d 427 (5th Cir 2001).

In this case, the Supreme Court announced a "new rule"
that applies to all criminal cases. <u>Schriro v. Summerlin</u>,
542 U.S. 348, 351, 124 S.Ct 2519, 159 L.Ed 2d 442 (2004)(citing;
<u>Griffin v. Kentucky</u>, 479 U.S. 314, 328, 107 S.Ct 708, 93 L.Ed
2d 649 (1987).  Where a conviction is final, however, the
rule applies only in limited circumstances." <u>Schriro</u>, 542
U.S. at 351.  New procedural rules applies retroactively only
to cases on collateral review only if they fall within the
"small set of 'watershed' rules of criminal procedure implicating
the fundamental fairness and accuracy of criminal proceedings."
<u>Id</u> at 352 (internal quotation marks omitted). See <u>Saffle v.
Parks</u>, 494 U.S. 484, 495, 110 S.Ct 1257, 108 L.Ed 2d 415 (1990).

This is because such rules "regulate only the manner
of determining the defendant's culpability." <u>Schriro</u>, 542
U.S. at 353 They do not produce a class of persons convicted
of conduct the law does not make criminal, but merely raises
the possibility that someone convicted with use of the invalidated
procedure might have been acquited otherwise." <u>Id</u>. 352.

Because, <u>Alleyne</u> is a substantive new rule, in contrast,

8

generally apply retroactively. <u>Thomas</u>, at 537. A rule is "substantive" rather than procedural if it alters the range of conduct or the class of persons the law punishes. <u>Id</u>. <u>Thomas</u>, <u>at</u> 537; <u>citing</u> <u>Schriro</u>, 524 U.S. at 353. "Such rules apply retroactively because they necessarily carry significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him. <u>Id at 352</u> (internal quotation marks omitted).

In light of <u>Alleyne</u> overruling <u>Harris</u> "aggravating factors" now has been declared to violate the protected requirements under the Fifth, Sixth and Fourteenth Amendment to the United States Constitution as Amended. The Petitioner's statutory mandatory minimum sentence has been increased under the applicable Guideline range creating a manifest miscarriage of justice.

Most factors that "aggravate" or "increase" a defendant's sentence, are found either in the Statute enacted by Congressional Intent, and include, but is not limited to the nature of the defendant's participation in the commission of the offense, the degree of the defendant's partcipation in the commission of the offense, the degree of the defendant's participation or organizing the offense, and the degree of control and authority the defendant excerised over others. These factors are found usually by the sentencing judge under U.S.S.G.

Section § 3B1.1 Comment n. 4. These factors are "judicial fact-finding" applied by the District Court upon the preponderance of the evidence standard.

Wherefore, the Petitioner states that the foregoing Table of Claims attached hereto and made a part hereof incorporated herein by reference are suitable ground to permit the Petitioner appropriate relief under the circumstances of this case.

T A B L E   O F   C L A I M S

"THE PETITIONER COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE PETITIONER REYES PRIOR CONVICTIONS AS NON-QUALIFYING PREDICATE OFFENSES FOR CAREER OFFENDER PURPOSES BOTH AT TRIAL AND ON DIRECT APPEAL"

"PETITIONER'S APPELLATE COUNSEL ABANDONED THE PETITIONER'S FIRST APPEAL AS OF RIGHT"

"THE PETITIONER POST CONVICTION COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE AND CHALLENGE THESE ISSUE ON THE FIRST SECTION 2255"

The Petitioner Reyes avers that his defense counsel, Appellate Counsel and Post Conviction Counsel were both ineffective for failing to (1). Raise claims and challenges to the Petitioner's prior conviction as non-qualifying predicate offenses for career offender purposes under Taylor and Shepard modified categorical approach and that only one prior conviction qualifies for Career Offender purposes; (2) that Appellate Counsel

10

abandoned the Petitioner on direct Appeal as of a matter
of right,  thereby, depriving the Petitioner a direct appeal,
and (3) Post Conviction relief counsel was ineffective for
failing to search the record and raise ineffective assistance
of counsel challenges on direct appeal and the career offender
issues raised herein.

A. <u>Petitioner is not a Career Offender</u>

Applying the standards set forth in approved analysis
under the "modified categorical approach" the Petitioner
does not meet the predicate prior convictions to make him
a career criminal under the U.S.S.G. and he is therefore
actually, factually and legally innocent of the Career Offender
provisions.  To count as a predicate offense under the Career
Offender sentencing schemes, a legal rather than a factual
inquiry should be made in determining whether a defedant
has a prior felony conviction which are crimes of violence,
as defined in the U.S. Sentencing Guidelines under USSG 4B1.2.

The factual inquiry is not appropriate because; (1)
the career offender provision focuses on  defendant's prior
convictions, not his "prior conduct," (2) the Definition
of a  "crime of violence" focuses on the "elements"  of the
crime, not the defendant's  conduct. . ." See <u>United States
v. Wilson</u>, 951 F.2d 586, 588 (4th cir 1991)(cert den)___U.S.___,
119 L.Ed 2d 218, 60 USLW 3799, 112 S.ct 2294 (US 1992)(emphasis
added).

11

Because this Court should have taken a deeper look at the Petitioner Reyes  previous prior convictions, to determine if  in fact, the prior convictions actually qualify under the "modified categorical approach" for career offender enhancement purposes, counsel was ineffective for failing to make these challenges, both at sentencing, and for failing to continue on with Reyes  direct appeal.

The prior convictions used to career Mr. Reyes under the U.S.S.Guidelines were invalid, non-qulaifying offenses and fell below established criteria used to designate them as  crimes of violence, triggering an illegal enhancement of the Career Offender   provision.

During a sentencing proceeding in Reyes case, the court simply relief upon an inapprorpiate PSR characterization of Reyes prior convictions as crimes of violence.  The District Court, and of course counsel failed to properly challenge and make an independant analysis on it's own in reference to the prior convictions used to illegally enhance  Reyes. United States v Ochea-Cruz, 442 F.3d 865, 867 (5th Cir 2006) Shepard v. United States, 544 U.S. 13 (2005) Taylor v. United States supra and now in light of Descamps v. United  States, the Supreme Court approved the approach and permitted  it's application  permitting a Court to determine which statutory phrase was the basis for the conviction. Descamps, Nijhawan v. Holder,. 557 U.S. 29, 129 S.Ct 2294, 174 L.Ed 2d 22 (2009);

Johnson v. United States, 559 U.S. 133, 144 (2010)(citations omitted) Descamps supra Crim Law Rprt, Vol. 93, No. 13, page 473.

Previosuly, in Nijhawan v Holder, supra the Supreme Court noted that the "categorical method" is not always easy to apply. Id at page 28.

Reyes avers that he was convicted in this case and sentenced as a career offender, when he has only one prior conviction that qualifies as a serious drug offense or crime of violence for career offender enhancement purposes. The Petitioner does not have the required two prior felony convictions for career offender purposes.

Petitioner Reyes is actually innocent of the career offender provisions and should be resentenced accordingly. Petitioner  is actually innocent of being a career offender and because of this, counsel was ineffective for failing to challenge the career offender application both at sentencing and on direct appeal. The career offender application is in violation of clearly established law, policy, custom and practice. United States v. Johnson, 130 S.Ct 1265; United States v. Chambers, 129 S.ct 687; United States v. Begay, 128 S.ct 1581. Petitioner's current conviction and sentence violates United States v. Begay.

Petitioner is serving an unconstitutional sentence which imposed a sentenced beyond and above the statutory mandatory

minimum and maximum under the applicable guideline range.
Petitioner does not meet the "career offender" status and
should not be forced to serve a portion of his sentence as
such. United States v. Davis, 417 U.S. 333, 346; Engle v.
Isaac, 456 U.S. 107, 126; Leocal v. Ashcroft, 543 U.S. 1
(2004); Jackson v. United States, 2011 WL 55361; No.: 09-949487
(2011); United States v.. Bailey, 516 U.S. 137 (1995); United
States v. Bousely, 523 U.S. 225-228-29 (2001); Sawyer v.
Whitely, 505 U.S. 333 (1992); Schlup v. Belo, 513 U.S. 298;
Beltran v. United States, Supreme Court Case no.; 2011 WL
5364 (2011); Dretke v. Haley, 124 S.ct 1847; United States
v. Mikalajuna, 186 f.3d 888, 893 (4th Cir); Haley v. Cockrell,
306 F.3d 257, 264 (5th Cir 2002); Spence v. Superintendant
Great Meaows Correctional Facility, 219 F.3d 162 (2nd Cir);
United States v. Garcia, 606 F.3d 1317 (11th Cir 2010); United
States v. Williams, 609 F.2d 1168 (11th Cir 201); United
States v. McGall, 618 f.3d 1273 (11th Cir 2010); United States
v. Gilbert, 625 F.3d 716 (11th Cir 2010); United States v.
Acher , 531 F.3d 1347 (11th Cir 2008).

Wherefore, Petitioner is actually, factually and legally
innocent of being a career offender, this court should invoke
it's equitable powers and permit either a new direct appeal
to raise these issues because the first appeal was abandoned
by appellate counsel, or vacate the sentence and re-sentence
Reyes without the career offender provisions applied to his

14

sentence.

B.       **PETITIONER'S APPELLATE COUNSEL ABANDONED THE
         PETITIONER'S APPEAL DEPRIVING HIM OF DIRECT REVIEW**

The Petitioner adopts the procedural Background in Section
One (I) herein and as made a part hereof incorporated herein
by reference to the extent that Petitioner filed a timely Notice
of Appeal to the Fifth Circuit Court of Appeals.  Appellate
Counsel abandoned Petitioner's first Appeal as of right without
filing any brief or arguments in Support thereof and never
withdrew.  The Fifth Circuit Court of Appeals, by virtue of
the Court order dated July 27, 2006, the Fifth Circuit
court of Appeals dismissed Petitioner's direct appeal for
want of prosecution.

I.       **PETITIONER WAS DENIED DUE PROCESS OF LAW**

The Petitioner avers that he was denied both the "equal
protection" under the laws and "due process" under the laws
of the United States and the United States Constitution pursuant
to U.S. Const Amendment 1, 5, 6 and 14 as Amended.

Petitioner Reyes avers that (1) he was denied a direct
appeal, (2) an Attorney for Appeal; (3) the right to proceed
in forma pauperis on appeal; (4) briefing on the merits of
the appeal; (5) review by the Court of Appeals and (6) denied
due process and equal protection under the laws of the United

15

States.

Petitioner Reyes was denied "direct appellate review"
of his criminal proceedings and sentence which is an "injustice"
diminishing the intergrity of the Judicial Process and proceedings
held and brought against Reyes.

In Reyes case, Reyes was deprived a "fundamentally protected
Constitutional Right," to counsel on appeal.  This Right to counsel
on Appeal is made applicable through the 14th Amendment as Amended.

Reyes avers that a criminal defendant has an absolute
right to a direct appeal and since Griffin v. Illinois, 351
U.S. 12, 76 S.Ct 585, 100 L.Ed 891 (1956) is no longer open
to question that an indigent defendant has a constitutional
right to a review of his case on appeal, as a matter of right,
since the same right is granted to non-indigents.  And, "where
the merits of the one and only appeal an indigent has as a
right are decided without the benefit of counsel we think an
unconstitutional line has been drawn between the rich and poor
alike." Douglas v. California, 372 U.S. 353, 357, 83 S.Ct
814 , 816, 9 L.Ed 2d 811 (1963)

Like the Petitioner Reyes case, the Fifth Circuit in 1972
in Foxworth v. Wainwright, 449 F.2d 319 (5th Cir 1971) found
that while his appeal was perfected, it was not prosecuted.
Perfection is a half a loaf only, and here a half of loaf is
no better than none. Id. (emphasis added).

The Court of Appeals did not give retrospective application
to Douglas v. California, supra see Gregroy v. United States,

16

446 F.2d 498 (5th Cir 1971); Breen v. Beto, 421 F.2d 945 (5th Cir 1971); which concluded on the record that Foxworth was entitled to have a review of his trial, and conviction as an original appeal with counsel, or to be released. Id. Foxworth at 320.

Like the case in Foxworth, Reyes did not have review of his trial conviction and sentence on an original direct appeal with the benefit of counsel.

### i. Actual Prejudice

The applicability of Strickland v. Washington, 466 U.S. 668 (1984) "actual prejudice" prong to Reyes claims of ineffective assistance of both trial, appellate and post conviction counsel follows from Penson v. Ohio, 488 U.S. 75, 109 S.Ct 346, 102 L.Ed 2d 300 (1988) where the United States Supreme Court distinguished the denial of counsel on appeal altogether.

Because in this case, Reyes was deprived of Appellate counsel altogether, and the proper procedure for determining whether the defendant's appeal is frivolous has not been met. Anders v. California, 386 U.S. 738; Smith v. Robbins, U.S.____, 120 S.Ct 746, 145 l.Ed 2d 756(2000); People v. Wende, 600 P. 2d 1071 9 Cal 1979). The court has left the defendant Reyes without counsel on direct appeal, there is, without doubt strong reasons that the Petitioner Reyes has been prejudiced.

17

ii. <u>Inneffective Assistance of Counsel On Collateral</u>
<u>Review</u>

In the Supreme Courts recent decision in <u>Martinez v. Ryan,</u>
123 S.Ct 1309, 182 L.Ed 2d 272, 2012 WL 912950 (US March
20, 2012) the Court held that "[i]ndigent assistance of counsel
at initial review collateral proceedings may establish cause
for a prisoners procedural default of a claim of ineffective
assistance of counsel at trial." 132 S.Ct 1309, 182 L.Ed 2d
272, 2012 WL 912950 at *5.

While <u>Martinez v. Ryan</u> deals specifically with State collateral
proceedings, this Court should not "invidiously " descrimimate"
between application of state and federal law and collateral
proceedings.  This court should, in the interest of fairness,
as in <u>Canter v. Thaler</u>, 632 F.3d 157 (5th cir 2011); 682 F.3d
1053 (June 1, 2012) decide in the first instance the impact
of <u>Martinez</u> on Reyes contentions that he had cause for any procedural
defaults.

Petitioner Reyes avers that <u>Maples v. Thomas</u>, 565 U.S.____ ,
132 S.Ct 912, 922, 181 L.Ed 2d (2012) is supportive in that
it has already impacted the Courts decision in prior cases
such as <u>Maples v. Allen</u>, 586 F.3d 879 and <u>Maples v. Comm'r of</u>
<u>the Ala Dept of Correc</u>, 460 Fed Appx 860 (5th Cir 2012).  In

18

Maples v. Thomas, supra noted that when a law firm representing a death row inmate missed a crucial filing deadline "A significant conflict of interest arose because 'the firms interest in avoiding damage  to it's own reputation was at odds with the [inmates] strongets arguments",  i.e., that his attorney's has abandoned him, therefore, he had cause to be relieved from his default."

Maples v. Thomas, held the proposition that in a habeas context, a client cannot be charged with the acts or omission of  an attorney who had abandoned him. Id (emphasis added).

Wherefore, in light of this reasoning, the Petitioner cannot be charged with the abandonment  of his attorneys during the direct appeal proceedings and the case should be equitably  tolled because of this Appeal denial alone.

Furthermore, the Petitioner cannot be at fault for inadequate post conviction because counsel was ineffective for failing to not raise this appeal issue to the district court in the original timely filed Section § 2255 proceedings. see; Martinez v. Ryan, supra.


PETITIONER SENTENCE IS ILLEGAL UNDER
TITLE 21 U.S.C. Section § 841(b)(1)(A)
UNDER ALLEYNE V. UNITED STATES

The Petitioner avers that his sentence is illegal, nunc pro tunc by virtue of a Congressional Amendment 104 Stat. 4828; Public law 101-647-Nov 29, 1990 in regards to the United

States Sentencing Commissions  sentence disparity concerns.

A Federal Courts Study Committee did comment that:
"Our concern is that the recent mandatory minimum creates
penalties so distorted as to hamper federal criminal adjudications.
They control judiciary  in a way that is far more rigid than-indeed,
inconsistent with - - the sentencing approach Congress adopted
in the 1984 Sentencing Reform Act. Report of the Federal
Courts Study Committee § 134 (1990)."

The harsh mandatory minimum sentences imposed under
the Guidelines have lead to the resignation of the Honorable
J. Lawrence Irving, who stated, "I just can't, in good conscious,
continue to do this." N.Y. Times Sept 30, 1990 § 1, pt. 1
at 22 Col. 1.  Congress has also taken note of the possibility
of conflict between mandatory minimum sentencing provisions
and "the good of eliminating unwarranted sentencing disparities."
Crime Control Act of 1990, Pub. L. No 101-647 § 1702, 104
Stat. 4789. 4845-46 (1990)(directing Sentencing Commission
to report on effects of mandatory minimum and to advise
Congress of alternative method to achieve sentencing consistency.
see United States v. Bernier, 758 F.Supp 195 (2nd Dist 1991).

In 1990, Congress responded to this call of the Sentencing
Commission and Courts call in their study and did, per public
Policy, Public Law 101-647, of the Act of November 29, 1990,
104 Stat 2828, "removed" from the Section § 405 of the "controlled
Substances Act,"  did amend paragraph one (1) of that subsection

in subsection (a), by striking "of the Controlled Substance
Act  (21 U.S.C. 841(b)(1)(A)" and striking of the Act of
21 U.S.C. Section 841(b)(1)(A). . . " See Exhibit-A. Section
841(b)(1)(A) was completely removed from the act.

This 1990 Amendment made a significant change under
Title 21 U.S.C. Section 841.  It completely eliminates the
penalty provisions of 120 months to life.  Whereas, the penalty
provisions under 0 to 10, 5 to 40 are still in effect.
Congress removed the sentencing disparities under 841 (b)(1)(A)
to change the mandatory minimum and to achieve methods of
alternative sentencing schemes and the consistent sentencing
disparities thereof under the Crime Control Act of 1990,
Pub L. No.: 101-647 § 1202; 104 Stat 4789, 4830, 4828 respectively.

WHERFORE, the Petitioner Reyes request that this Court
permit him to present his claims via 28 U.S.C. Section 2255
(f)(3).


                        CONCLUSION


Wherefore, the Petitioner request that this Court grant
him the requested relief to vacate his judgment, conviction
and sentence.

                    RESPECTFULLY SUBMITTED

                    JUAN REYES JR
                    Reg No.: 31910-177
                    FCI WILLIAMSBURG
                    P.O.Box 340
                    Salters, S.C. 29590

                    Petitioner

                        21

OATH OF VERITY


Sworn to under penalty of perjury on this 29th day of

July, 2013.


RESPECTFULLY SUBMITTED

JUAN REYES JR
Reg No.; 31910-177
FCI WILLIAMSBURG
P.O.Box 340
Salters, S.C. 29590

Petitioner


CERTIFICATE OF SERVICE


I hereby certify that a copy of the foregoing was mailed
to the following parties;

Richard B. Roper
United States Attorney

C/o Angie L. Henson
assistant United States Attorney  501 Cherry Street  Unit 4
Burnett Plaza, Suit 1700
Fort Worth, Texas 76102-6897

by regular via U.S. Mails postage pre paid mails on this 29th Day
of July 2013.

RESPECTFULLY SUBMITTED

JUAN REYES JR
REG No.: 31910-177
FCI WILLIAMSBURG
P.O.Box 340
Salters, S.C. 29590


22

104 STAT. 4828          PUBLIC LAW 101–647—NOV. 29, 1990

21 USC 841.

(e) CONFORMING AMENDMENTS TO OTHER SECTIONS.—(1) Section 401(b) of the Controlled Substances Act is amended by striking "section 405, 405A, or 405B" and inserting "section 418, 419, or 420".

(2) Section 401(c) of the Controlled Substances Act is amended by striking "section 405, 405A, or 405B" and inserting "section 418, 419, or 420".

(f) AMENDMENT TO TABLE OF CONTENTS.—The table of contents of the Comprehensive Drug Abuse Prevention and Control Act of 1970 is amended in part D of title II by striking the items for sections 405, 405A and 405B and inserting at the end thereof the following:

"418. Distribution to persons under age twenty-one.
"419. Distribution or manufacturing in or near schools and colleges.
"420. Employment of persons under 18 years of age.
"421. Denial of Federal benefits to drug traffickers and possessors.".

(g) TRANSFER OF SECTION 6486 OF THE ANTI-DRUG ABUSE ACT OF 1988—NEW SECTION 405.—(1) Section 6486 of the Anti-Drug Abuse Act of 1988 is—

21 USC 844a.

(A) transferred to the Controlled Substances Act; and
(B) redesignated as section 405 of the Controlled Substances Act.

(2) Section 405 of the Controlled Substances Act, as amended by paragraph (1) of this subsection, is amended—

21 USC 844a.

*841 was Removed*

(A) in subsection (a), by—
(i) striking "of the Controlled Substances Act (21 U.S.C. 841(b)(1)(A))"; and
(ii) striking "of that Act (21 U.S.C. 841(b)(1)(A))";
(B) in subsection (c), by striking "as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)";
(C) in subsection (j)(4), by striking "as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)".

(3) The table of contents of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (as amended by subsection (c) of this section) is amended in part D of title II by inserting after the item for section 404 the following:

"405. Civil penalty for possession of small amounts of certain controlled substances.".

(h) PART E OF THE CONTROLLED SUBSTANCES ACT.—

21 USC 881–1, 888.

(1) SECTION 511A—NEW SECTION 518.—Section 511A of the Controlled Substances Act is redesignated as section 518.

21 USC 881a, 889.

(2) TRANSFER OF SECTION 1764 OF THE FOOD SECURITY ACT OF 1985.—Section 1764 of the Food Security Act of 1985 is—
(A) transferred to the Controlled Substances Act; and
(B) redesignated as section 519 of the Controlled Substances Act.

(3) AMENDMENT TO TABLE OF CONTENTS.—The table of contents of the Comprehensive Drug Abuse Prevention and Control Act of 1970 is amended in part E of title II by striking the items for section 511A and inserting at the end thereof the following:

"518. Expedited procedures for seized conveyances.
"519. Production control of controlled substances.".

SEC. 1003. CLARIFICATION OF ENHANCED PENALTIES UNDER CONTROLLED SUBSTANCES ACT.

Ante, p. 4827.

(a) SECTION 418 (OLD SECTION 405).—Section 418 of the Controlled Substances Act (as redesignated by this Act) is amended—
(1) in subsection (a), by striking "punishable by (1) a term of imprisonment, or a fine, or both, up to twice that authorized by

Juan Reyes 31916-177
F.C.I. Williamsburg
P.O. Box 340
Salters, South Carolina
29590



7008 0350 0002 3085 4267

CERTIFIED MAIL



RECEIVED

JUL 31 2013

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

<<31916-177<<
U S District Court
Northern District of Tx
1205 Texas AVE
Room 209
Lubbock, TX 79401
United States





LEGAL MAIL
LEGAL MAIL
LEGAL MAIL