

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 1 2 2017
CLERK U.S. DISTRICT COURT
By _____
        Deputy

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10501
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
December 21, 2016
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

          Plaintiff-Appellee

v.

JUAN ANTHONY REYES, JR.,

          Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CR-83-2

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Anthony Reyes, Jr., federal prisoner # 31910-177, seeks our authorization to proceed in forma pauperis (IFP) in his appeal of the district court's denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence for distribution of methamphetamine and aiding and abetting. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B); 18 U.S.C. § 2. He challenges the district court's denial of IFP status and the district court's certification that his appeal is not taken in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10501

good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). An appeal is frivolous if it "lacks an arguable basis in law or fact." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001).

Contrary to Reyes's argument, a district court is not required to reduce a sentence under § 3582(c)(2). *See United States v. Evans*, 587 F.3d 667, 672-73 (5th Cir. 2009). Also, contrary to what Reyes contends, this court may assume that the district court duly considered the § 3553(a) factors, as the court "was presented with argument concerning the § 3553(a) factors." *Id.* at 673. And because the record demonstrates that the district court duly considered Reyes's motion as a whole and explicitly or implicitly considered the § 3553(a) factors, "the district court did not abuse its discretion." *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Reyes fails to present a nonfrivolous argument for overturning the district court's certification decision, which is intertwined with the merits of the case. *See Baugh*, 117 F.3d at 302. Accordingly, his IFP motion is DENIED, and we sua sponte DISMISS his appeal as frivolous. *See Taylor*, 257 F.3d at 472; *Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2; FED. R. APP. P. 24(a)(3).